IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Blanca Quiroga,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>Dart Container Corporation of Illinois,<br><br>　　　　　　Defendants. | Case No.　1:22-CV-4855 |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, Blanca Quiroga ("Plaintiff"), brings this action against Defendant Dart Container Corporation of Illinois ("Defendant"), and in support thereof, states as follows:

**Introduction**

1. Plaintiff brings this action under the Family and Medical Leave Act of 1993, title 29 USC § 2601, *et. seq.*, ("FMLA"), as amended. Plaintiff seeks damages for their retaliatory discharge, including but not limited to, lost back and front pay, liquidated damages, past and future, emotional distress and punitive damages and reasonable attorneys' fees and costs.

**Jurisdiction, Venue, and Parties**

2. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 28 U.S.C. § 1337, and/or 29 U.S.C. § 2917(a)(2); and this Court also possesses supplemental jurisdiction over any related state law claim(s) pursuant to 28 U.S.C. § 1367, because said claims arise out of the same facts and transactions.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because Defendant operated its business in Chicago, Cook County, Illinois, and Plaintiff worked for Defendant in Chicago, Cook County, Illinois.

4. Plaintiff is an individual who resides in Chicago. Plaintiff worked for Defendant in Chicago, Cook County, Illinois, from 2002 until on or about June, 2022.

5. Defendant is a Corporation, formed and existing under the laws of the State of Michigan, and at all times material to this complaint, maintained and operated a business in Chicago, Cook County, Illinois.

**Facts**

6. Defendant is a manufacturer of disposable cups and containers, and it is a business and private sector employer; at all times relevant, it has employed over 50 employees in 20 or more workweeks in the current or previous calendar year.

7. Defendant is engaged in commerce or an industry affecting commerce.

8. On or about May 26, 2022, Plaintiff requested family or medical leave from Defendant because Plaintiff contracted Covid-19 shortly on said date. Plaintiff informed her human resources contact, "Roseo", that she had contracted Covid; and Rodeo authorized Plaintiff's sick leave and said that Plaintiff did not have to come into work.

9. On or around the time of May/June 2022, Plaintiff had been employed by the defendant for at least one year and they had worked at least 1,250 hours during the previous 12-month period.

10. Thirty days advance notice was not possible because the foreseeable situation had changed and/or Plaintiff did not know exactly when leave will be required.

11. Plaintiff provided notice of the need for his leave as soon as possible and practical by telling Roseo about her Covid diagnosis on May 26, 2022. Additionally, on June 7, 2022, Plaintiff again contacted Roseo and advised her that she was still ill, but that she would be prepared to return to work on June 13, 2022.

12. Defendant did in fact approve Plaintiff's request for leave.

13. Plaintiff attempted to return to work for Defendant on or about June 13, 2022, after her Covid-19 symptoms subsided and she was no longer contagious. When Plaintiff returned to Defendant's Chicago facility on June 13, 2022, she was not able to gain access and she had to have another employee let her in. Thereafter, Roseo approached Plaintiff and informed her that she was fired.

14. Defendant terminated Plaintiff's employment in retaliation for Plaintiff's time away from the company to care for herself while she had Covid-19.

15. Defendant violated Plaintiff's rights under the FMLA because it terminated Plaintiff's employment in retaliation for seeking leave to care for a serious illness, Covid-19.

16. Defendant interfered with, restrained, or discriminated against Plaintiff on or about June 13, 2022 because it terminated Plaintiff's employment with Defendant because Plaintiff sought time off to care for a personal medical illness, Covid-19.

17. Defendant knowingly, intentionally, and willfully violated plaintiff's rights because Plaintiff informed Defendant multiple times that she had Covid-19.

18. Plaintiff has been damaged by Defendant's violation of the FMLA, including loss of backpay after their employment was terminated, and any front pay resulting from lost wages, compensation, or other benefits. Additionally, Plaintiff is seeking liquidated damages totaling the all lost backpay, front pay, interest, and any other damages allowable under the FMLA because Defendant lacked a good faith belief to deny Plaintiff any FMLA leave.

**Request for Relief**

**WHEREFORE**, Plaintiff Blanca Quiroga requests that judgment be entered in their favor and against Defendant Dart Container Corporation of Illinois for the following relief:

a. Damages under 29 U.S.C. § 2617(a)(1)(A)(i)(I) for any wages, salary, employment benefits, or other compensation denied or lost because of defendant's wrongful conduct;

 b. Interest under 29 U.S.C. § 2617(a)(1)(A)(ii);

 c. Liquidated (double) damages under 29 U.S.C. § 2617(a)(1)(A)(iii);

 d. Such equitable relief under 29 U.S.C. § 2617(a)(1)(B) or the FMLA as may be appropriate, including employment, reinstatement, and/or promotion;

 e. Reasonable attorneys' fees, costs, expert fees, mediator fees, and out-of-pocket expenses incurred by bringing this action pursuant to Rule 54(d) of the Federal Rules of Civil Procedure; and

 f. For any such other relief as the Court may find proper, whether at law or in equity.

## **COUNT II - CHICAGO ANTI-RETALIATION ORDINANCE**

19. Plaintiff incorporates by reference paragraphs 1 through 18, as if set forth in full herein for Paragraph 19.

20. In response to the Covid-19 Pandemic, the City of Chicago passed an Anti-Retaliation Ordinance, amending Title 1, Section 24 of the Chicago Municipal Code to bar retaliation by employers against employees, who are forced to stay home from work (the "Ordinance").

21. Section 2 of the Ordinance provides in relevant part that:

> An Employer shall not take adverse action against a Covered Employee for obeying an order issued by the Mayor, the Governor of Illinois, the Chicago Department of Public Health, or, in the case of subsections (a)(2), (3), and (4) below, a treating healthcare provider, requiring the Covered Employee to:
>
> (1) Stay at home to minimize the transmission of COVID-19;
>
> (2) Remain at home while experiencing COVID-19 symptoms or sick with COVID-19;
>
> (3) Obey a quarantine order issued to the Covered Employee;
>
> (4) Obey an isolation order issued to the Covered Employee[.]

22.     Between May 26, 2022 and June 12, 2022, Plaintiff was statying home from work because he had contracted Covid-19; and a doctor or other healthcare professional instructed Plaintiff to stay home from work.

23.     Plaintiff informed Defendant on multiple occasions between May 26, 2022 and June 7, 2022 that she had contracted Covid-19, and that she was required to stay home from work.

24.     When Defendant terminated Plaintiff's employment on or about June 13, 2022, Defendant retaliated against Plaintiff for taking time off from work to attend to her Covid-19 infection; and in so doing Defendant violated Section 2 of the Ordinance.

25.     Plaintiff is a "Covered Employee" under the Ordinance because Plaintiff performed at least two hours of work within a two week period for Defendant and his work was performed within the geographic boundaries of Chicago.

26.     The Ordinance entitles an employee to recover three times the full amount of wages that would have been paid to the employee but for the retaliation, as well as any other actual damages directly caused by the retaliatory action; as well as attorney's fees and costs.

27.     At the time of Plaintiff's termination, she was earning $22.72 per hour from Defendant. Accordingly, Plaintiff is seeking $68.16 for each hour she has been and will be out of work since her termination by Defendant on June 13, 2022. Additionally, she is seeking emotional distress damages, as well as any other damages caused by Defendant.

   WHEREFORE, Plaintiff Blanca Quirogarespectfully requests that judgment entered in his favor and against Defendant, and that judgment be entered in an amount compensating her for $68.16 per hour for each work hour she has been out of work since June 13, 2022; emotional distress damages; any other damages directly caused by Defendant's retaliation; and her attorney's fees and costs.

**Plaintiff(s) request trial by jury for all counts where allowed**

                          Blanca Quiroga

                          <u>s/Daniel I. Schlade</u>
                        **Justicia Laboral LLC**
                     **Daniel I. Schlade (IL Bar # 6273008)**
                       *Attorneys for Plaintiffs*
                      6232 N. Pulaski Road, Suite 300
                      Chicago, IL. 60646
                      P: 773-550-3775
                      E: dschlade@justicialaboral.com;
                         danschlade@gmail.com